IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIA GUERRA AND ROBERTO FOCHESATO | : | |
|     Plaintiffs | : | |
| | : | |
| v. | : | CIVIL CASE NO. |
| | : | |
| THOR MOTOR COACH AND CAMPING WORLD RV SALES | : | |
|     Defendants | : | |

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**ON NOTICE TO:**
Timothy J. Abeel, Esquire
Timothy Abeel & Associates P.C.
25 Regency Plaza
Glen Mills, PA 19342

PLEASE TAKE NOTICE that Defendants Thor Motor Coach, Inc. and Meyer's RV Centers LLC (improperly identified as Thor Motor Coach and Camping World RV Sales) (hereinafter "Removing Defendants") hereby remove this action to this Honorable Court pursuant to 28 U.S.C. §1332, 1441 and 1446, with full reservation of any and all defenses and objections.

In support of this Notice of Removal, Removing Defendants respectfully submit as follows:

1.     Removing Defendants desire to exercise their right under the provisions of 28 U.S.C. § 1441 to remove this action from the Pennsylvania Court of Common Pleas for Philadelphia County, where the case is now pending under the name and style, <u>Maria Guerra and Roberto Fochesato v. Thor Motor Coach and Camping World RV Sales</u>, bearing Docket No. 170800073.

2.      A copy of the Complaint filed by Plaintiffs on or about August 7, 2017 in the Pennsylvania Court of Common Pleas of Philadelphia County is attached as Exhibit "A."

3.      In their Complaint, Plaintiffs seek to recover damages while claiming the use, value and/or safety of a 2017 Thor Motor Coach 43H bearing the Vehicle Identification Number 1FDWE3FS7HDC35050 and purchased on April 1, 2017 was substantially impaired as a result of a defect, condition or nonconformity.  Plaintiffs assert a federal claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq. as well as claims for a breach of warranty arising under state law.  See Exhibit "A."

4.      Any civil action over which a district court has original jurisdiction may be removed to the district court embracing the place where such action is pending. See 28 U.S.C. § 1441(a).

5.      A district court has original jurisdiction of all civil actions arising under the laws of the United States. See 28 U.S.C. § 1331. This action arises under a federal law because Plaintiffs' Complaint includes a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.

6.      Although the Magnuson-Moss Warranty Act does not allow actions to be removed to federal court if the amount in controversy is less than $50,000.00, See 15 U.S.C. § 2310(d)(3), the amount in controversy threshold is satisfied in this case as Plaintiffs' Prayer for Relief seeks an "amount equal to the contract." See Exhibit "A."  Plaintiffs' counsel also demanded a buyback for $113,996.80 on August 24, 2017.

7.      Under 28 U.S.C. § 1367, when a federal court has original jurisdiction of one claim, it has supplemental jurisdiction over any other claims that are part of the same case or controversy.  Plaintiffs' state law claims in this action form the same case or controversy as their

Magnuson-Moss Warranty Act claim. Therefore, this Court has supplemental jurisdiction over Plaintiffs' state law claims.

8.      As Plaintiffs' Complaint includes a claim under federal law and Plaintiffs' federal law claim arises from the same case or controversy as Plaintiffs' state law claims, this Court has federal question jurisdiction over Plaintiffs' federal law claim and supplemental jurisdiction over the remaining claims such that this action is removable from the Court of Common Pleas for Philadelphia County to this Court.

9.      The within Notice of Removal is hereby filed within thirty (30) days of Removing Defendants' first receipt of proper service of Plaintiffs' Summons and Complaint. See 28 U.S.C. § 1446(a) and (b).

WHEREFORE Defendants, Thor Motor Coach, Inc. and Meyer's RV Centers LLC (improperly identified as Thor Motor Coach and Camping World RV Sales), pray that the above action now pending against it in the Court of Common Pleas for Philadelphia County be removed to this Honorable Court.

Respectfully submitted,

**PISANO LAW FIRM**

By: _____

Matthew T. Pisano, Esquire (MP8104)
Attorney for Defendants
Thor Motor Coach, Inc. and
Meyer's RV Centers LLC

Date: 9/1/17

<u>**CERTIFICATE OF SERVICE**</u>

It is hereby certified that a true and correct copy of the foregoing was filed electronically

on _____9/1/17_____ and is available for viewing and downloading from the Electronic

Filing System. Service is thereby made on counsel who are registered to file electronically with

United Strict District Court; otherwise, service will be by way of first class mail, postage

prepaid, addressed as follows:

Timothy J. Abeel, Esquire
Timothy Abeel Associates
25 Regency Plaza
Glen Mills, PA 19342

**PISANO LAW FIRM**

By: _____

Matthew T. Pisano, Esquire (MP8104)
Attorney for Defendants
Thor Motor Coach, Inc. and
Meyer's RV Centers LLC

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

**For Prothonotary Use Only (Docket Number)**

**AUGUST 2017**

**000073**

E-Filing Number: 1708014362

| | |
|---|---|
| **PLAINTIFF'S NAME** <br> MARIA GUERRA | **DEFENDANT'S NAME** <br> THOR MOTOR COACH |
| **PLAINTIFF'S ADDRESS** <br> 955 CLARMONT AVENUE <br> BENSALEM PA 19020 | **DEFENDANT'S ADDRESS** <br> PO BOX 1486 <br> ELKHART IN 46515 |
| **PLAINTIFF'S NAME** <br> ROBERTO FOCHESATO | **DEFENDANT'S NAME** <br> CAMPING WORLD RV SALES |
| **PLAINTIFF'S ADDRESS** <br> 955 CLARMONT AVENUE <br> BENSALEM PA 19020 | **DEFENDANT'S ADDRESS** <br> 1359 ROUTE 9 <br> LAKEWOOD NJ 08701 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal <br> [ ] Writ of Summons    [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[X] $50,000.00 or less
[ ] More than $50,000.00

**COURT PROGRAMS**
[X] Arbitration    [ ] Mass Tort    [ ] Commerce    [ ] Settlement
[ ] Jury    [ ] Savings Action    [ ] Minor Court Appeal    [ ] Minors
[ ] Non-Jury    [ ] Petition    [ ] Statutory Appeals    [ ] W/D/Survival
[ ] Other:

**CASE TYPE AND CODE**

1O - CONTRACTS OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

**AUG 07 2017**

**M. BRYANT**

**IS CASE SUBJECT TO
COORDINATION ORDER?**
YES    NO

---

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARIA GUERRA , ROBERTO FOCHESATO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY <br> TIMOTHY J. ABEEL | ADDRESS <br> 25 REGENCY PLAZA <br> GLEN MILLS PA 19342 |
|---|---|
| PHONE NUMBER <br> (484)800-8432    FAX NUMBER <br> (484)840-8896 | |
| SUPREME COURT IDENTIFICATION NO. <br> 209961 | E-MAIL ADDRESS <br> tracey@timothyabeel.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY <br> TIMOTHY ABEEL | DATE SUBMITTED <br> Monday, August 07, 2017, 10:21 am |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM 09/14/2018
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial denovo on appeal from a decision entered by a Judge.

Timothy J. Abeel, Jr., Esquire
Identification No. 209061

**TIMOTHY J. ABEEL & ASSOCIATES, P.C.**
**25 Regency Plaza**
**Glen Mills, PA 19342**
**(610)825-3640**

**ATTORNEY FOR PLAINTIFFS**

**THIS IS AN ARBITRATION**
**MATTER. ASSESSMENT OF**
**DAMAGES HEARING.**

---

| | |
|---|---|
| **MARIA GUERRA and ROBERTO FOCHESATO**<br>**955 CLARMONT AVE**<br>**BENSALEM, PA 19020** | **COURT OF COMMON PLEAS**<br><br>**PHILADELPHIA COUNTY** |
| **v.** | **CIVIL ACTION** |
| **THOR MOTOR COACH**<br>**P.O. BOX 1486**<br>**ELKHART, IN 46515** | |
| **CAMPING WORLD RV SALES**<br>**1359 ROUTE 9**<br>**LAKEWOOD, NJ 08701** | |

---

## NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNONT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL & INFORMATION SERVICE**
**ONE READING CENTER**
**PHILADELPHIA, PA 19107**
**TELEPHONE: 215-238-1701**

Case ID: 170800073

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de la demanda y ia notificacion. Hace falta asentar una comparencia escita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en conra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y require que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

**SERVICIO DE REFERENCIA LEGAL**
**ONE READING CENTER**
**FILADELFIA, PA 19107**
**TELEFONO: 215-238-1701**

| | |
|---|---|
| **Timothy J. Abeel, Jr., Esquire** | **ATTORNEY FOR PLAINTIFFS** |
| **Identification No. 209961** | |
| **TIMOTHY J. ABEEL & ASSOCIATES, P.C.** | **THIS IS AN ARBITRATION** |
| **25 Regency Plaza** | **MATTER. ASSESSMENT OF** |
| **Glen Mills, PA 19342** | **DAMAGES HEARING IS** |
| **(610)825-3640** | |

| | |
|---|---|
| **MARIA GUERRA and ROBERTO FOCHESATO** | **COURT OF COMMON PLEAS** |
| **955 CLARMONT AVE** | |
| **BENSALEM, PA 19020** | **PHILADELPHIA COUNTY** |
| | |
| **v.** | **CIVIL ACTION** |
| | |
| **THOR MOTOR COACH** | |
| **P.O. BOX 1486** | |
| **ELKHART, IN 46515** | |
| | |
| **CAMPING WORLD RV SALES** | |
| **1359 ROUTE 9** | |
| **LAKEWOOD, NJ 08701** | |

---

## COMPLAINT
### CODE: 1900

1. Plaintiffs, Maria Guerra and Roberto Fochesato, are adult individual citizens and legal resident of the Commonwealth of Pennsylvania, residing at 955 Claremont Avenue Bensalem, PA 19020.

2. Defendant, Thor Motor Coach, is a corporation qualified to do and regularly conduct business in the Commonwealth of Pennsylvania, with its address and principal place of business located at P.O. Box 1487 Elkhart, IN 46515.

3. Defendant, Camping World RV Sales, is a corporation qualified to do and regularly conduct business in the Commonwealth of Pennsylvania, with its address and principal place of business located at 1359 Route 9 Lakewood, NJ 08701.

## BACKGROUND

4.   On or about April 1, 2017, Plaintiff purchased a new 2017 Thor Motor Coach 43H Freedom Elite bearing the Vehicle Identification Number 1FDWE3FS7HDC35050.

5.   The vehicle was purchased in New Jersey and is registered in the Commonwealth of Pennsylvania.

6.   The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges, but excluding other collateral charges not specified, totaled more than $113,996.80.   A true and correct copy of the sale contract is attached hereto, made a part hereof and marked Exhibit A.

7.   In consideration for the purchase of said vehicle, Defendant issued to Plaintiff's several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

8.   The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff's.

9.   The parties' bargain included a 5-year/60,000 mile warranty as well as a 2-year/15,000 mile manufacturer's warranty, as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owners manual.

10. Prior to sale, Defendant averred that Plaintiff was purchasing a new and reliable form of transportation.

11. The first documented repair attempt is believed to have occurred on April 17, 2017, shortly after the vehicle was purchased. On that date, repair attempts were made to the *entry deadbolt lock being inoperable, the de-winterize orientation was re-performed, and the charging system not charging*. A true and correct copy of the repair order is attached hereto, made a part hereof, and marked Exhibit "B".

12. The second documented repair attempt is believed to have occurred on June 2, 2017 when the odometer showed 1595 miles. On that date, repair attempts were made to *the floor lifted, the rear bumper is rusting with water coming out of side bumper caps, the dinette table being insecure, wire cover being too short, cabinets opening while traveling, a cabinet shelf being too short, edge cover not finished, wire protection that are missing and unsecure, and a gap between the screen and entry doors making it difficult to open*. A true and correct copy of the repair order is attached hereto, made a part hereof, and marked Exhibit "C".

13. During this repair attempt, the dealer found over 30 (thirty) defects within the subject vehicle, with some being related to security.

14. These repair attempts for the major nonconformities occurred within just a month of Plaintiff owning the subject vehicle.

15. Defendant, Thor Motor Coach, proposed to only repair the floor work as they were too busy to perform all the repairs.

16. As a result of the ineffective repair attempts made by Defendants through authorized dealer(s), the vehicle is rendered substantially impaired, unable to be utilized for its intended purposes, and is worthless to Plaintiff.

17. The vehicle continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety as provided in 73 P.S. § 1951 et seq.

18. The failure to disclose the damages as well as the ineffective repair attempts was fraud and/or negligence on part of Defendant.

19. Plaintiff therefore should be entitled to damages under the law.

## COUNT I

### PENNSYLVANIA AUTOMOBILE LEMON LAW

20. Plaintiff's hereby incorporates all facts and allegations set forth in this Complaint by Reference as if fully set forth at length herein:

21. Plaintiffs are a "Purchaser" as defined by 73 P.S. §1952.

22. Defendant is a "Manufacturer" as defined by 73 P.S. §1952.

23. Camping World RV Sales is and/or was at the time of sale a Motor Vehicle Dealer in the business of buying, selling, and/or exchanging vehicles as defined by 73 P.S. §1952.

24. On or about April 1, 2017, Plaintiff's took possession of the above mentioned vehicle and experience nonconformities as defined by 73 P.S. §1951 et seq., which substantially impair the use, value and/or safety of the vehicle.

25. The nonconformities described violate the express written warranties issued to Plaintiff's by Defendants.

26. Section 1955 of the Pennsylvania Automobile Lemon Law provides:

If a manufacturer fails to repair or correct a nonconformity after a reasonable number of attempts, the manufacturer shall, at the option of the purchaser, replace the motor vehicle… or accept return of the vehicle from the purchaser, and refund to the purchaser the full purchase price, including all collateral charges, less a reasonable allowance for the

purchasers use of the vehicle, not exceeding $.10 per mile driven or 10% of the purchase price of the vehicle, whichever is less.

27.    Section 1956 of the Pennsylvania Automobile Lemon Law provides a presumption of a reasonable number of repair attempts if:

(1)    The same nonconformity has been subject to repair three times by the manufacturer, its agent or authorized dealers and the nonconformity still exists; or

(2)    The vehicle is out-of-service by reason of any nonconformity for a cumulative total of thirty or more calendar days.

28. Plaintiff has satisfied the above definition as the vehicle has been subject to repair more than three (3) times for the same nonconformity, and the nonconformity remained uncorrected.

29. In addition, the above vehicle has or will be out-of-service by reason of the nonconformities complained of for a cumulative total of thirty (30) or more calendar days.

30. Plaintiff has delivered the nonconforming vehicle to an authorized service and repair facility of the Defendants on numerous occasions as outlined below.

31. After a reasonable number of attempts, Defendant was unable to repair the nonconformities.

32.   Plaintiff's avers the vehicle has been subject to additional repair attempts for defects and conditions for which Defendant's warranty dealer did not provide or maintain itemized statements as required by 73 P.S. §1957.

33.   Plaintiff's avers the vehicle has been subject to additional repair attempts for defects and conditions for which Defendant's warranty dealer did not provide the notification required

by 73 P.S. §1957.

34.   Plaintiff's has and will continue to suffer damages due to Defendant's failure to comply with the provisions of 73 P.S. §§ 1954 (repair obligations), 1955 (manufacturer's duty for refund or replacement), and 1957 (itemized statements required).

35.   Pursuant to 73 P.S. § 1958, Plaintiff seeks relief for losses due to the vehicle's nonconformities, including the award of reasonable attorneys' fees and all court costs.

WHEREFORE, Plaintiff's respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, attorneys' fees, and court costs.

## COUNT II

## MAGNUSON-MOSS (FTC) WARRANTY IMPROVEMENT ACT

36.   Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth in length herein.

37.   Plaintiff has or may have resorted to Defendant's informal dispute settlement procedure, to the extent said procedure complies with 16 CFR 703.

38.   Plaintiff avers that the Federal Trade Commission (FTC) has determined that no Automobile manufacturer complies with 16 CFA 703. See, Fed. Reg. 15636, Vol. 62, No. 63 (Apr. 2, 1997).

39.   Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301 (3).

40.   Defendant is a "supplier", "warrantor", and a "service contractor" as defined by 15 U.S.C. §2301 (4),(5) and (8).

41.   The subject vehicle is a "consumer product" as defined by 15

U.S.C. §2301 (1).

42.   By the terms of its written warranties, affirmations, promises, or service contracts,

Defendant agreed to perform effective repairs at no charge for parts and/or labor.

43.   The Magnuson-Moss Warranty Improvement Act requires Defendant to be bound by

all warranties implied by state law. Said warranties are imposed on all transactions in the state

in which the vehicle was delivered.

44.   Defendant has made attempts on several occasions to comply with the terms of its

express warranties, however, such repair attempts have been ineffective.

45.   The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

If a consumer finally prevails on an action brought under paragraph (1) of this
subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the
amount of aggregate amount of costs and expenses (including attorney fees based upon actual
time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or
in connection with the commencement and prosecution of such action, unless the curt, in its
discretion shall determine that such an award of attorney's fees would be in appropriate.

46.   Plaintiff has afforded Defendant a reasonable number of opportunities to confirm

the vehicle to the aforementioned express warranties, implied warranties and contracts.

47.   As a direct and proximate result of Defendant's failure to comply with the express

written warranties, Plaintiff as suffered damages and, in accordance with 15 U.S.C. §2310(d)(1),

Plaintiff is entitled to bring suite for such damages and other legal and equitable relief.

48.   Defendant's failure is a breach of Defendant's contractual and statutory obligations

constituting a violation of the Magnuson-Moss Warranty Improvement Act, including but not

limited to: breach of express warranties; breach of implied warranty of merchantability; breach

of implied warranty of fitness for a particular purpose; breach of contract; and constitutes an

Unfair Trade Practice.

49.   Plaintiff avers that Defendant's warranty was not provided to Plaintiff's until after

the vehicle was delivered, making any and all limitations, disclaimers and/or alternative dispute provisions ineffective for a failure of consideration.

50.   Plaintiff avers Defendant's Dispute Resolution Program was not in compliance with 16 CFR 703 for the model year of the subject vehicle.

51.   Plaintiff avers that Defendant's warranty did not require Plaintiff to first resort to a Dispute Resolution Program before filing suit.

52.   Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorney's fees, and all court costs.

## COUNT III

## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

53.   Plaintiff's hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

54.   Plaintiff's are a "Person" as defined by 73 §201-2(2).

55.   Defendant is a "Person" as defined by 73 §201-2(2).

56.   Section 201-9.2(a) of the Act authorizes a private cause of action for any person "who purchases or leases goods or services primarily for personal, family or household purposes."

57.   The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 §201-2(4), defines "unfair or deceptive acts or practices" to include the following conduct:

(vii).   Representing that goods or services are of a particular standard, quality or grade, or   that goods are of a particular style or model, if they are of another,

(xiv).   Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to, or after a contract for the purchase of goods or services is made;

(xv).   Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;

(xvi). Making repairs, improvements or replacements on tangible, real or personal property of a nature or quality inferior to or below the standard of that agreed to in writing.

(xvii). Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

58.   Plaintiff's avers Defendant has violated these, as well as other provisions, of 73 P.S. §201-2 et seq.

59.   Section 201-3.1 of the Act provides that the Automotive Industry Trade Practice rules and regulations adopted by the Attorney General for the enforcement of this Act shall constitute additional violations of the Act.

60. The subject vehicle was not fit to be sold to the Plaintiff at the time of purchase.

61.  The subject vehicle was not of new quality as was stated by the Defendant.

62. The Plaintiff would not have purchased the subject vehicle had he been made aware of the issues with the subject vehicle.

63.   Defendant's conduct surrounding the sale and servicing of the subject vehicle falls within the aforementioned definitions of "unfair or deceptive acts or practices."

64.   The Act also authorizes the Court, in its discretion to award up to three (3) times the actual damages sustained for violations.

WHEREFORE, Plaintiff's respectfully demands judgment against Defendant in an amount not in excess of Fifty Thousand Dollars ($50,000.00), together with all collateral changes, attorneys' fees, all court costs and treble damages.

## COUNT IV

## UNIFORM COMMERCIAL CODE

65. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth as length herein.

66. The defects and nonconformities existing within the vehicle constitute a breach of contractual and statutory obligations of Defendant, including but not limited to the following:

    a. Express Warranty;

    b. Implied Warranty of Merchantability; and

    c. Implied Warranty Of Fitness For A Particular Purpose.

67. At the time of obtaining possession of the vehicle and at all times subsequent thereto, Plaintiff has justifiably relied upon Defendant's express warranties and implied warranties of Fitness for a particular purpose and implied warranties of merchantability.

68. At the time of obtaining possession of the vehicle and at all times subsequent thereto, Defendant was aware Plaintiff was relying upon Defendant's express and implied warranties, obligations, and representations with regard to the subject vehicle.

69. Plaintiff has incurred damages as a direct and proximate result of the breach and failure of Defendant to honor its express and implied warranties.

70.   Such damages include, but are not limited to, the contract price of the vehicle plus all collateral charges, including attorney fees and costs, as well as other expenses, the full extent of which are not yet known.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount equal to the contract price of the vehicle, plus all collateral charges and attorneys' fees.

**TIMOTHY J. ABEEL & ASSOCIATES, P.C.**


By:  **/s/ Timothy J. Abeel, Jr.**

**TIMOTHY J. ABEEL, JR., ESQUIRE**

**Attorney for Plaintiff**

# V E R I F I C A T I O N

Timothy J. Abeel, Jr., states that they are the attorney for the Plaintiff's herein; that they are acquainted with the facts set forth in the forgoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.


By:  **/s/ Timothy J. Abeel, Jr.**

**TIMOTHY J. ABEEL, JR., ESQUIRE**

**Attorney for Plaintiff**

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th flr at 09.15 AM  09/14/2016

You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.

This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.

There is no right to a trial denovo on appeal from a decision entered by a Judge.

Filed and Attested by the
Office of Judicial Records
07 AUG 2017 10:21 am
M. BRYANT

# EXHIBIT A